UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MCKENNEY, et al.,<br>Plaintiffs,<br>v.<br>JEREMY FRANCHINI, et al.,<br>Defendants. | No. 2:24-cv-03136-TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs are proceeding pro se in this action. *See* ECF No. 21 (granting counsel's motion to withdraw). This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). ECF No. 21. The Court now recommends that the claims of the only remaining Plaintiff, Angel Sanchez, be dismissed for failure to prosecute and judgment be entered in this case.

**I. Background and Procedural History**

Plaintiffs Kevin McKenney, Angel Sanchez, and Christopher Machado filed this action in California state court on August 28, 2024. ECF No. 1 at 2. The complaint named as Defendants California Highway Patrol officers Franchini and Lopez. *Id.* at 8. The allegations pertained to an automobile accident in September 2022. *Id.* at 9. The complaint alleged two claims, both under 42 U.S.C. § 1983. *Id.* at 11-13.

Defendant Franchini was served and filed a Notice of Removal. ECF No. 1. Defendant

Lopez, whose first name is not alleged in the complaint, was not served at the time of removal and has apparently never been served. *Id.* at 3. On October 24, 2025, Plaintiff McKenney and Defendant Franchini entered into a stipulated dismissal pursuant to Rule 41. ECF No. 12. On that same date, Plaintiff's counsel sought to withdraw from representing the remaining two Defendants. ECF Nos. 13 & 14. On May 29, 2026, counsel was allowed to withdraw and the matter was referred to the undersigned for further proceedings. ECF No. 21.

The Court then set a status and scheduling conference for July 9, 2026, and directed the parties to file a status report prior to the hearing. ECF No. 22. The parties failed to timely file a status report, and on July 2, 2026, the Court issued a Minute Order, which stated in part: "The parties have failed to file the status report, which was due by June 25, 2026. The parties shall file a joint, or individual, status report(s) by no later than July 6, 2026." ECF No. 23. Only defense counsel filed a status report. ECF No. 25.

At the July 9, 2026 hearing, defense counsel and Plaintiff Machado appeared. Machado indicated he may no longer wish to proceed with the case. The Court issued an Order which provided in part that Plaintiff Sanchez shall file a notice of change of address by July 24, 2026. ECF No. 28. Thereafter, Machado and Franchini filed a stipulation for dismissal. ECF No. 29.

**II. Analysis**

Plaintiff Sanchez has taken no action in this case since counsel withdrew. Sanchez has additionally not provided the Court with a current mailing address. Recent mailings from the Court have been returned as undeliverable. *See* docket entries of June 16, 2026; July 13, 2026; and July 17, 2026. The Court has considered the five factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), and concludes that dismissal is appropriate. In considering whether to dismiss a claim for failure to prosecute, the Court considers: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.* at 1260-61.

**1. Public's interest in expeditious resolution of the litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal."

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This action was filed nearly two years ago and concerns an event that occurred in September 2022. Plaintiff Sanchez has taken no action in the case since his counsel was allowed to withdraw in May 2026. Further, even while represented by counsel, there was nothing filed on behalf of Sanchez. After the case had been pending in this court for nearly a year, counsel moved to withdraw citing an "irreconcilable breakdown" in their relationship with Sanchez. ECF No. 14 at 5. This factor weighs in favor of dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002) ("Given Pagtalunan's failure to pursue the case for almost four months, this factor weighs in favor of dismissal.").

**2. Court's need to manage its docket**

In evaluating this factor, the trial court "is in the best position to determine whether the delay in a particular case interferes with docket management." *Pagtalunan*, 291 F.3d at 642. This case has been on the Court's docket for nearly two years. This factor weighs in favor of dismissal, particularly given the heavy caseload in this District.

**3. Risk of prejudice to defendants**

In evaluating this factor, the Court considers whether "plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642. Limited delays and the pendency of a lawsuit are insufficient to establish prejudice. *Id.* However, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. It has now been nearly four years since the date of the alleged automobile accident. This matter cannot proceed to trial without Plaintiff's participation and Plaintiff has not participated since counsel withdrew. The Court finds this factor weighs in favor of dismissal.

**4. Availability of less drastic alternatives**

The Court has considered the availability of less drastic alternatives. Plaintiff Sanchez did not appear at the last scheduled hearing and did not file a status report as directed by two separate orders of the Court. ECF Nos. 22 & 23. Sanchez also did not update his address as directed. ECF No. 28. Parties to litigation have an obligation to keep the Court informed as to their current address. *See* Local Rule 182(f) ("Each appearing attorney and pro se party is under a continuing

duty to notify the Clerk and all other parties of any change of address . . . "). If mail is returned as undeliverable and the party "fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Local Rule 183(b).

The Court finds less drastic alternatives are not available. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("we can imagine no less drastic sanction that was available" other than dismissal without prejudice where the litigant had failed to update his address and any further order to show cause or order imposing sanctions "would only find itself taking a round trip tour through the United States mail."). The most severe approach would be to dismiss the action with prejudice, however the Court concludes that the less drastic alternative of dismissal without prejudice is appropriate. This factor weighs in favor of dismissal.

**5. Public policy favoring disposition of cases on the merits**

"Public policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. This factor generally always weighs against dismissal, and some cases have stated it "strongly counsels against dismissal." *Allen v. Bayer Corp. (In re Phenylpropanolamine Prods. Liab. Litig.*), 460 F.3d 1217, 1228 (9th Cir. 2006). However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* The Court finds this factor weighs against dismissal.

**III. Conclusion**

The Court finds upon consideration of the *Ferdik* factors that dismissal of Plaintiff Sanchez's claims without prejudice is appropriate. As Plaintiffs McKenney and Machado have already dismissed their claims pursuant to Rule 41, the Court recommends entry of Judgment.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Sanchez's claims be dismissed without prejudice for failure to prosecute; and
2. The Clerk be directed to enter Judgment and close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 3, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE